# U.S. District Court
# District of Maryland (Baltimore)
# CRIMINAL DOCKET FOR CASE #: 1:18−mj−01971−BPG−1

Case title: USA v. Hilliard  
Other court case number: 5:18−CR−58(FJS) Northern District of New York  
Date Filed: 07/16/2018

Assigned to: Magistrate Judge Beth P. Gesner

**Defendant (1)**

**Arkmallah Hilliard**

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Opening)**

None

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

**Plaintiff**

**USA**  
Email All Attorneys  
Email All Attorneys and Additional Recipients

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 07/16/2018 | 1 | 3 | Rule 5(c)(3) Documents Received from the Northern District of New York as to Arkmallah Hilliard. (stds, Deputy Clerk) (Entered: 07/16/2018) |
| 07/16/2018 | 2 | | Initial Appearance in Rule 5(c)(3) Proceedings as to Arkmallah Hilliard held on 7/16/2018 before Magistrate Judge Beth P. Gesner.(FTR Gold) (stds, Deputy Clerk) (Entered: 07/16/2018) |

| 07/16/2018 | 3 | 8 | WAIVER of Rule 5(c)(3) Hearing by Arkmallah Hilliard.(stds, Deputy Clerk) (Entered: 07/16/2018) |
| 07/16/2018 | 5 | 9 | ORDER OF TEMPORARY COMMITMENT pending hearing on 7/17/18 @ 3:00 pm issued as to Arkmallah Hilliard. (stds, Deputy Clerk) (Entered: 07/16/2018) |
| 07/17/2018 | 6 | | Detention Hearing as to Arkmallah Hilliard held on 7/17/2018 before Magistrate Judge Beth P. Gesner.(FTR KLEIN –3A.) (jks, Deputy Clerk) (Entered: 07/17/2018) |
| 07/17/2018 | 7 | 10 | ORDER OF DETENTION as to Arkmallah Hilliard. Signed by Magistrate Judge Beth P. Gesner on 7/17/2018. (jks, Deputy Clerk) (Entered: 07/17/2018) |
| 07/17/2018 | 8 | 11 | COMMITMENT TO ANOTHER DISTRICT as to Arkmallah Hilliard. Defendant committed to the Northern District of New York. Signed by Magistrate Judge Beth P. Gesner on 7/17/2018. (jks, Deputy Clerk) (Entered: 07/17/2018) |

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
FEB 21 2018
AT_____ O'CLOCK
Lawrence K. Baerman, Clerk - Syracuse

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 5:18-CR-58 (FJS) |
| | ) | |
| v. | ) | Indictment |
| | ) | |
| ARKMALLAH HILLIARD, | ) | Violation: 18 U.S.C. § 371 [Conspiracy to Defraud the United States] |
| | ) | |
| | ) | 1 Count |
| | ) | |
| Defendant. | ) | County of Offense: Onondaga |

**THE GRAND JURY CHARGES:**

**COUNT 1**
**[Conspiracy to Defraud the United States]**

**Introduction**

1. At all times relevant to this indictment, the defendant, **ARKMALLAH HILLIARD**, was the sole signatory on accounts at JPMorgan Chase Bank ending in 2897 (the "Chase 2897 Account") and in 8648 (the "Chase 8648 Account"), on an account at PNC Bank ending in 8238 (the "PNC 8238 account"), and on an account at Bank of America ending in 5738 (the "Bank of America 5738 account").

2. In or around January 2012, as directed by Defendant **HILLIARD** and co-conspirator Anas Wilson, Individual A formed a limited liability company named Division First Financial LLC and then opened an account at PNC Bank in the name of Division First Financial LLC, which account number ended in 7583 (the "PNC 7583 account").

3. In or around February 2012, as directed by Defendant **HILLIARD** and Anas Wilson, Individual B formed a limited liability company named Standard Quality Financial LLC

3

and then opened an account at M&T Bank in the name of Standard Quality Financial LLC, which account number ended in 2463 (the "M&T 2463 account").

## The Conspiracy

4. From in or around January 2011 through in or around May 2012, in Onondaga County in the Northern District of New York, and elsewhere, the defendant, **ARKMALLAH HILLIARD**, did conspire with Anas Wilson and others to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful governmental functions of the Internal Revenue Service of the Treasury Department in the ascertainment, computation, and assessment of the revenue and the issuance of income tax refunds, by filing and causing to be filed false and fraudulent income tax returns and fraudulently obtaining income tax refunds to which they knew they were not entitled.

## Manner and Means

5. It was a manner and means of the conspiracy that Defendant **HILLIARD**, Anas Wilson, and others collected personal identifying information from numerous individuals, filed false and fraudulent income tax returns on behalf of these individuals without their knowledge and consent, caused the U.S. Treasury to issue tax refunds which were then deposited by wire into bank accounts in Defendant **HILLIARD**'s name and in the names of limited liability companies created as part of the conspiracy with no legitimate business purpose, and then used the fraudulently obtained money by withdrawing it, spending it, and transferring it to other accounts.

## Overt Acts

In furtherance of the conspiracy and to effect the objects of the conspiracy, Defendant **HILLIARD** and others committed at least one of the following overt acts in the Northern District of New York and elsewhere:

6. On or about February 21, 2012, Defendant **HILLIARD** and others used a debit card for his Chase 2897 Account and a debit card for the PNC 7583 account to spend fraudulent tax refund money they had previously obtained and which was being held in those bank accounts by purchasing more than $2,400 in goods and services in and around Onondaga County, New York, and Oneida County, New York. These purchases included, but were not limited to, $1,439.99 in jewelry at Kay Jewelers in New Hartford, New York, $455.78 in merchandise at Footaction in Syracuse, New York, $226.79 in merchandise at streeTgame in Syracuse, New York, and $360.29 at the Radisson Hotel-Utica Centre in Utica, New York.

7. On or about February 23, 2012, Defendant **HILLIARD** received by direct deposit into his Chase 2897 Account a false and fraudulent income tax refund in the amount of $4,094 from the U.S. Treasury Department for an individual with a Social Security number ending in 1564.

8. On or about February 23, 2012, Defendant **HILLIARD** received by direct deposit into his Chase 2897 Account a false and fraudulent income tax refund in the amount of $3,581 from the U.S. Treasury Department for an individual with a Social Security number ending in 7351.

9. On or about February 24, 2012, Defendant **HILLIARD** and others initiated a wire transfer in the amount of $3,500 from the Chase 2897 Account to a bank account in the name of Individual C, who at the time was married to and shared finances with co-conspirator Anas Wilson.

10. On or about February 27, 2012, Defendant **HILLIARD** and others transferred $1,500 from the Chase 2897 account to Defendant **HILLIARD**'s Chase 8648 account.

11. On or about February 27, 2012, Defendant **HILLIARD** received by direct deposit into his PNC 8238 account a false and fraudulent income tax refund in the amount of $5,873 from the U.S. Treasury Department for an individual with a Social Security number ending in 8083.

12. On or about February 27, 2012, Defendant **HILLIARD** received by direct deposit into his PNC 8238 account a false and fraudulent income tax refund in the amount of $4,094 from the U.S. Treasury Department for an individual with a Social Security number ending in 5098.

13. On or about May 22, 2012, the U.S. Treasury Department wired by direct deposit a total of $5,774 in income tax refunds for individuals with Social Security numbers ending in 8421, 5914, 2695, and 2710 to the M&T 2463 account, after which Individual B, acting on instructions from Defendant **HILLIARD**, withdrew $5,000 from the M&T 2463 account and deposited it into Defendant **HILLIARD**'s Bank of America 5738 account.

14. On or about May 31, 2012, the U.S. Treasury Department wired by direct deposit a total of $3,887 in income tax refunds for individuals with Social Security numbers ending in 4694, 2834, and 4443 to the M&T 2463 account, after which Individual B, acting on instructions from Defendant **HILLIARD**, withdrew cash from the M&T 2463 account and deposited $3,000 into Defendant **HILLIARD**'s Bank of America 5738 account.

All in violation of Title 18, United States Code, Section 371.

## FORFEITURE ALLEGATION

15. The allegations contained in Count 1 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

16. Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), upon conviction of a conspiracy to violate section 371, in violation

of Title 18, United States Code, Section 371, the defendant, **ARKMALLAH HILLIARD**, shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to said violations. The property to be forfeited includes, but is not limited to, the following:

    (a)    $462,107.00 in U.S. currency

17. If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

Dated: February 21, 2018

*Name redacted

A TRUE BILL,

Grand Jury Foreperson

GRANT C. JAQUITH
United States Attorney

By: _____
Michael F. Perry
Assistant United States Attorney
Bar Roll No. 518952

5

7

# UNITED STATES DISTRICT COURT
for the
District of Maryland

| | |
|---|---|
| United States of America<br>v.<br><br>ARKMALLAH HILLIARD<br>_Defendant_ | ) <br> ) Case No. 18-1971BPG<br> )<br> ) Charging District's Case No. 5:18-CR-58(FJS)<br> )<br> ) |

## WAIVER OF RULE 5 & 5.1 HEARINGS
(Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)* Northern District of New York

I have been informed of the charges and of my rights to:

(1) retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2) an identity hearing to determine whether I am the person named in the charges;

(3) production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4) a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise — unless I am indicted — to determine whether there is probable cause to believe that an offense has been committed;

(5) a hearing on any motion by the government for detention;

(6) request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☑ an identity hearing and production of the warrant.

☐ a preliminary hearing.

☐ a detention hearing.

☐ an identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled in this district. I request that those hearings be held in the prosecuting district, at a time set that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date:  July 16, 2018

_Arkmallah Hilliard_
*Defendant's signature*

_[signature]_
*Signature of defendant's attorney*

Marshall T. Henslee
*Printed name of defendant's attorney*

8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

vs.

**ARKMALLAH HILLIARD**

Case No.   18-1971BPG

\*\*\*\*\*\*

## ORDER OF TEMPORARY DETENTION PENDING HEARING
## PURSUANT TO BAIL REFORM ACT

Upon motion of the United States for Temporary Detention, it is ORDERED that a detention hearing is set for _Tues, Jul. 17, 2018_ (date) at _3:00 pm_ (time) before _Beth P. Gesner_, United States Magistrate Judge, 101 West Lombard Street, Baltimore, Maryland 21201 Courtroom _3A_.

Pending this hearing, the defendant shall be held in custody by (the United States Marshal) (_____) (Other Custodial Official) and produced for the hearing.

July 16, 2018
Date

Beth P. Gesner
United States Magistrate Judge

U.S. District Court (4/2000) Criminal Magistrate Forms: Order Temp. Detention

9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

vs.

ARKMALLAH HILLIARD

Case No. 18-1971-BPG

******

RECEIVED
USMS-PRIS OPS
BALTIMORE, MD

FILED ___ ENTERED
___ LOGGED ___ RECEIVED

JUL 17 2018

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ___ DEPUTY

### ORDER OF DETENTION (18 U.S.C. § 3142)

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I have concluded that the following facts require the detention of the defendant pending the trial of this case.

### PART I: FINDINGS OF FACT

☑ (1) This is a case in which the [government may properly seek detention] or [the court may consider ordering detention sua sponte].

☑ (2) The defendant is charged under: __18:371 Conspiracy__

☑ (3) The maximum term of imprisonment, if convicted, is: __5 yrs.__

☑ (4) Based on the government's [proffer] [~~evidence~~] there is probable cause to believe that the defendant committed the offense(s) charged.

☐ The government is entitled to a presumption under § 3142 (e) **[describe in Part II]**.

☐ The defendant has failed to rebut this presumption [as to flight risk] or [as to danger].

☑ (5) I find, by a preponderance of the evidence, from the information produced at the hearing that there is a serious risk that the defendant will not appear.

☐ (6) I find, by clear and convincing evidence, from the information produced at the hearing that the defendant poses a risk to the safety of other persons and the community.

☑ (7) I find by clear and convincing evidence that there is no condition or combination of conditions which will reasonably assure [the defendant's presence at trial or as otherwise required] [~~community safety~~].
Serious risk def. will obstruct justice or threaten witnesses pursuant to 18 USC 3142(f)(2)

### PART II: WRITTEN STATEMENT OF ADDITIONAL REASONS FOR DETENTION
1) Nature of offense - fraud, use of SS# alias on facebook
2) Delay in locating def. post indictment
3) Discrepant employment information
4) Facebook post - threatening bloodshed and death to potential witness

The defendant is committed to the custody of the Attorney General or his/her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the U.S. Marshal shall deliver the defendant for the purpose of an appearance in connection with a court proceeding.

July 17, 2018
Date

_/s/_
Beth P. Gesner
United States Magistrate Judge

AO 94 (Rev. 01/09, MD 6/09) Commitment to Another District

# UNITED STATES DISTRICT COURT
## for the
### District of Maryland

RECEIVED
SMS-PRIS OPS
BALTIMORE, MD

2018 JUL 17 P 3: 46

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. 18-1971BPG |
| | ) | |
| ARKMALLAH HILLIARD | ) | Charging District's |
| *Defendant* | ) | Case No. 5:18-CR-58 (FJS) |

## COMMITMENT TO ANOTHER DISTRICT

The defendant has been ordered to appear in the ___Northern___ District of ___New York___.

The defendant may need an interpreter for this language: _____

The defendant:  ☐ will retain an attorney.
                ☑ is requesting court-appointed counsel.

The defendant remains in custody after the initial appearance.

**IT IS ORDERED:** The United States marshal must transport the defendant, together with a copy of this order, to the charging district and deliver the defendant to the United States marshal for that district, or to another officer authorized to receive the defendant. The marshal or officer in the charging district should immediately notify the United States attorney and the clerk of court for that district of the defendant's arrival so that further proceedings may be promptly scheduled. The clerk of this district must promptly transmit the papers and any bail to the charging district.

Date: July 17, 2018

_____
*Judge's signature*

Beth P. Gesner, United States Magistrate Judge
*Printed name and title*

_____ FILED _____ ENTERED
_____ LOGGED _____ RECEIVED

JUL 17 2018

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY